**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Antonio Undrell Goines, ) | No. 11-CV-2584-PHX-PGR (MHB) |
| Petitioner, ) | |
| v. ) | **ORDER** |
| Charles L. Ryan, et. al., ) | |
| Defendants. ) | |

Currently before the Court is the Report and Recommendation of Magistrate Judge Burns (Doc. 20), which addresses Petitioner's Petition for Writ of Habeas Corpus filed on December 29, 20011, pursuant to 28 U.S.C. § 2254 (Doc. 1).[1] For the reasons that follow, the Court will adopt the Report and Recommendation.

Magistrate Judge Mark Burns recommends that Petitioner's habeas petition be denied and dismissed with prejudice. In response, Petitioner filed objections in which he reiterates his argument that trial counsel was ineffective for the reasons set forth in Ground Five of his petition. (Doc. 24.)

The Report and Recommendation concludes that Ground Five is without merit. (Doc. 20 at 19–26.) After *de novo* review of the issue, the Court finds that Magistrate Judge Burns did not err in determining that Petitioner's claim of ineffective assistance of trial counsel must be denied.

---

[1] Petitioner was convicted of child prostitution and sentenced to the presumptive term of 20 years' imprisonment.

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and 28 U.S.C. § 2254(d), a "doubly deferential" standard applies to review of a state court's decision on a claim of ineffective assistance of counsel. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *see Bell v. Cone*, 535 U.S. 685, 698–99. The state post-conviction court rejected Petitioner's ineffective assistance claims, explaining:

> Defendant claims trial counsel failed to call alibi witnesses and failed to file various motions. There is a strong presumption that counsel provided effective assistance to Defendant. It is conceded that counsel interviewed at least two of the alibi witnesses. Counsel's choice not to call these witnesses suggests that they may not have supported the alibi defense. Defendant, in fact, provides no affidavits or other evidence to suggest what the testimony might have been. Therefore, no deficiency in performance can be demonstrated, nor any prejudice resulting from failing to call these witnesses at trial.
>
> As to the other claims, Defendant states that counsel did not file certain motions or requests but does not state why this was deficient performance or that prejudice resulted. Allegations alone are insufficient to support a claim of ineffective assistance of counsel.

(Doc. 11, Ex. H.)

Magistrate Judge Burns found that this was not an unreasonable application of *Strickland*. (Doc. 20 at 21.) The Court agrees. Petitioner's allegations remain conclusory and speculative and do not warrant habeas relief. *See Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). As the state court and Magistrate Judge Burns explained, Petitioner offers no factual support for his claim that trial counsel performed ineffectively by failing to call alibi witnesses or investigate the backgrounds of the prosecution's witnesses. (*See* Doc. 20 at 22.) There is no basis to conclude that trial counsel's performance was either deficient or prejudicial.

In his objections Petitioner briefly cites Ground Eight of his petition, which alleged a Sixth Amendment violation based on ineffective assistance of post-conviction counsel. (Doc. 24 at 2.) As Magistrate Judge Burns noted, there is no constitutional right to effective post-conviction counsel. (Doc. 20 at 25–26.) The "narrow exception to that principle established in *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012), is inapplicable here.

Petitioner does not offer objections to the remainder of the Report and Recommendation, and the Court concludes that no clear error exists with respect to any finding or recommendation.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Burns' Report and Recommendation (Doc. 20) is **ACCEPTED** and **ADOPTED** by the Court.

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** and **DENIED** with prejudice.

IT IS FURTHER ORDERED **DENYING** a Certificate of Appealability and **DENYING** leave to proceed *in forma pauperis* on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED **DENYING** Petitioner's Motion to Appoint Counsel. (Doc. 25).

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

DATED this 2nd day of October, 2013.

Paul G. Rosenblatt
United States District Judge

- 3 -